UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re:<br><br>ECKARDT GROUP, LLC,<br><br>   Debtor | § § § § § § | Case No. 23-54729-WLH<br>Chapter 11 |
| WACHTER, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>ECKARDT GROUP, LLC;<br>GRADY MEMORIAL HOSPITAL CORP.;<br>GRADY CASS, INC.;<br>H.J. RUSSELL & COMPANY; and<br>SKANSKA USA BUILDING, INC. | § § § § § § § § § § § § | Adv. Proc. No. ___ |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 1334 and 1452, Plaintiff Wachter, Inc. ("Wachter" or "Removing Plaintiff") hereby respectfully and timely files this Notice of Removal, removing the claims against Defendants Eckardt Group, LLC; Grady Memorial Hospital Corp.; Grady Cass, Inc.; H.J. Russell & Company; and Skanska USA Building, Inc. (the "State Court Defendants") from the Superior Court of Fulton County, State of Georgia ("State Court") to the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division. The grounds for removal are set forth below.

## BACKGROUND

1. On August 22, 2023, Plaintiff Wachter commenced this action in the Superior Court of Fulton County, State of Georgia under Civil Action No. 2023-cv-384629 (the "State Court Action").

2. On May 19, 2023, an involuntary bankruptcy petition was filed against Defendant Eckardt Group, LLC ("Debtor") with the United States Bankruptcy Court for the Northern District of Georgia pursuant to 11 U.S.C. § 303 under Case No. 23-54729-WLH (the "Chapter 11 Case"). The order for relief was entered in the Chapter 11 Case on July 28, 2023 [Dkt. 25] (the "*Petition Date*"). Plaintiff Wachter was not notified of and was not aware of the commencement of the Chapter 11 Case prior to August 22, 2023.

3. Since the Chapter 11 Case was commenced, the Debtor has remained as debtor in possession under 11 U.S.C. § 1101 and has the rights, powers, and duties set out in 11 U.S.C. §§ 1107 and 1108.

4. Defendant Grady Memorial Hospital Corporation ("Owner") owns and operates a large medical campus consisting of numerous parcels of land which house a hospital, emergency services center, and various outpatient and inpatient medical facilities in various locations throughout the city of Atlanta. As the Owner, it leases various portions of its campus to several affiliates, including in this instance, Defendant Grady Cass, Inc. (the "Leaseholder"), and the two are presently having renovations, repairs and construction performed at their Property.

5. Defendants H.J. Russell & Company ("HJRC") and Skanska USA Building, Inc ("Skanska") were hired collectively as a joint venture (collectively, the "JV Defendants") by the Owner and/or Leaseholder to oversee, manage, and perform together as their General Contractor in charge of the renovations, repairs and construction performed at the Property. The JV

Defendants in turn hired the Debtor by written contract to perform a portion of their scope of work, who in turn hired Plaintiff to provide labor and materials on the Project.

6. Plaintiff Wachter performed its obligations and transmitted invoices to the Debtor, but was not paid. In this action, Plaintiff Wachter sues (a) the Debtor for breach of contract, unjust enrichment, quantum meruit, account stated; (b) all Defendants for violation of the Prompt Payment Act; (c) the JV Defendants for conversion of construction proceeds, false swearing and constructive trust; and (d) the Owner and Leaseholder for foreclosure of materialmen's liens.

7. All of the foregoing actions center around the actions of the Debtors and the various parties' rights in and through the Debtor.

## GROUNDS FOR REMOVAL

8. A party "may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

9. District courts have original jurisdiction to hear all civil proceedings that are, among other things, "arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

10. Pursuant to 28 U.S.C. § 157, the United States District Court for the Northern District of Georgia (the "District Court") may refer the Removed Case to the bankruptcy judges for the district. The District Court has in fact referred to the bankruptcy judges for this district all cases under the Bankruptcy Code and all proceedings under the Bankruptcy Code or arising in or related to a case under the Bankruptcy Code. Accordingly, the Removed Case is automatically referred to the Bankruptcy Court.

11. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) and Federal Rule of Bankruptcy Procedure 9027(a). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

12. Most Circuit Courts of Appeal, including the Eleventh Circuit, have adopted or closely followed the standard for "related-to" jurisdiction as articulated by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995). *See Ger. Am. Capital Corp. v. Oxley Dev. Co., LLC (In re Oxley Dev. Co., LLC),* 493 B.R. 275, 283 (Bankr. N.D. Ga. 2013); see also *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 and n. 19 (11th Cir. 1990); *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992); In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991); *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990); *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988); *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987); *In re Dogpatch, U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir. 1987); A.*H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986); cf. *Matter of FedPak Sys., Inc.*, 80 F.3d 207, 213–14 (7th Cir. 1996) ("Our precedents hold that [a] case is 'related' to a bankruptcy when the dispute 'affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.") (internal quotation marks omitted).

13. A related-to case represents "the broadest of the potential paths to bankruptcy jurisdiction." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 163 (3d Cir. 2004). Although such a case does not invoke a substantive right under the Bankruptcy Code, it is one that "could conceivably have an effect on the estate being administered in bankruptcy." *Pacor*, 743 F.2d at 994 (3d Cir.1984). "A key word in this test is 'conceivable.' Certainty, or even likelihood, is not a

requirement." *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991). As clarified by later Third Circuit decisions, Pacor's "conceivable effect" test asks "whether the allegedly related lawsuit would affect the bankruptcy without the intervention of yet another lawsuit." *In re W.R. Grace & Co.*, 591 F.3d 164, 172 (3d Cir. 2009) (*quoting In re Combustion Eng'g, Inc.*, 391 F.3d 190, 227 (3d Cir. 2004), as amended (Feb. 23, 2005)).

14. The claims against the Debtor are "arising in" a Chapter 11 and the claims against the non-Debtor Defendants are "related to" the Debtor's Chapter 11.

15. Accordingly, removal of the claims in the State Court Action is proper under 28 U.S.C. § 1452(a).

## THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED

16. Removal of the State Court Action is authorized by 28 U.S.C. §§ 1334 and 1452. Removal is being accomplished in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the local rules of this Court (the "Local Rules").

17. The State Court is located in the division and district of this Court. Venue is proper under Bankruptcy Rule 9027(a)(1).

18. Bankruptcy Rule 9027(a)(1) further requires that this Notice of Removal "be accompanied by a copy of all process and pleadings." Attached is a copy of all process and pleadings filed in the State Court Action.

19. No order has been entered in the Chapter 11 Case with respect to the State Court Action terminating the automatic stay under 11 U.S.C. § 362. This Notice of Removal is timely under Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure.

20. In accordance with Bankruptcy Rule 9027(b), Removing Plaintiff will promptly serve written notice of this removal to the above-captioned Plaintiff's counsel of record.

21. All parties to the State Court Action are HEREBY NOTIFIED that removal of the State Court Action will be effectuated upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Bankruptcy Rule 9027(c). And "the parties shall proceed no further in that court unless and until the claim or cause of action is remanded." Bankruptcy Rule 9027(c). A copy of this Notice of Removal is also being contemporaneously served upon all parties to the State Court Action.

22. No admission of law, fact, or liability is intended by this Notice of Removal. Nor does this Notice of Removal waive any claims or defenses available to Removing Plaintiff.

23. If any question is raised as to the propriety of the removal of the State Court Action, Removing Plaintiff requests the opportunity to present appropriate motions, briefing and oral argument in support of removal.

24. The Removing Plaintiff hereby removes all of the claims in the State Court Lawsuit to this Court pursuant to 28 U.S.C. § 1452(a).

25. Upon removal, the claims in the State Court Lawsuit are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E) and (O). In the event either the prosecution of the removed claims is determined by the Court to be a non-core proceeding, the Debtor consents to entry of final orders and judgment by this Court.

Date:  September 15, 2023               Respectfully submitted,

                                                 CULHANE MEADOWS, PLLC

                                                 By:       /s/ Jeffrey Paul Lutz
                                                            Jeffrey Paul Lutz, Esq
                                                            Georgia Bar. No. 670646
                                                           Email: jlutz@cm.law

                                                           Richard G. Grant
                                                           Texas Bar No. 08302650
                                                           Pro Hac Vice Pending
                                                           Direct: 214-210-4949
                                                           Email: rgrant@cm.law

CM Litigation Support Center
13101 Preston Rd STE 110-1510
Dallas, Texas 75240
Main: (844) 285-4263

COUNSEL FOR WACHTER, INC.

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing pleading was transmitted via United States First Class Mail, postage prepaid to the following addresses and via electronic mail to the following email addresses on September 15, 2023:

Eckardt Group, Inc.
c/o John A. Christy, R.A.
1100 Peachtree Street NE STE 800
Atlanta, Georgia 30309
Email: jchristy@swfllp.com

Grady Cass, Inc.
c/o Timothy Jefferson, R.A.
80 Jesse Hill Jr. Drive SE
Atlanta, Georgia 30303

Skanska USA Building, Inc.
c/o C. Clay Hayden, Esq.
245 Peachtree Center Ave STE 2500
Atlanta, Georgia 30303
Email: clay.haden@skanska.com

Grady Memorial Hospital Corporation
c/o Timothy Jefferson, R.A.
80 Jesse Hill Jr. Drive SE
Atlanta, Georgia 30303

H.J. Russell & Company
c/o Corporation Service Company, RA
2 Sun Court STE 400
Peachtree Corners, Georgia 30092

        /s/ Jeffrey Paul Lutz
    Jeffrey Paul Lutz